Phillips,
dissenting: I can not agree with the conclusion reached in the majority opinion that the decedent is not entitled to deduct as contributions the principal amounts given by him to the Field Museum of Natural History, the Art Institute of Chicago and the Newberry Library of Chicago. The gifts of principal appear to have been absolute and the provision for the reservation of a life estate can not, it seems to me, impair the effectiveness or validity of that which was done.
It appears to be the conclusion of the Board that, because a life interest in the income was reserved, that which was given was a remainder interest which must be measured by its present value. *902 This is a concept which is well recognized in the inheritance tax field and elsewhere where it becomes necessary to value separately life and remainder interests in the same property. The customary procedure in such cases is to value the life interests and use the difference between the value of the property and the value of the life interest as the present value of the future remainder interest. This recognizes that the life interest has a present value, a principle which is not recognized in the revenue acts. Irwin v. Gavit, 268 U. S. 161; Codman v. Miles, 28 Fed. (2d) 823.
In the instant proceeding the conclusion is reached, correctly, I believe, that the decedent is taxable upon the income of the principal fund set up by the various agreements. He is to be taxed upon the whole amount, without any deduction for the exhaustion of the value of his life interest by reason of its approaching expiration. Yet we reach the conclusion that the gift must be reduced by the value of this same life interest. It does not seem to me that both positions can be defended at the same time. If the amount of the gift is to be reduced by the present value of the life interest reserved, then a part of the income must represent a return of such value and the decedent should be allowed a deduction for the exhaustion of his life interest. If the decedent is required to return the full income, without any deduction for the principal value of the life interest reserved, then the amount of the gift should not be reduced by any principal value assigned to the life interest. The sum of the parts should equal the whole. In view of the decisions cited above, I am of the opinion that decedent should be allowed as a deduction the value of the securities given by him to the institutions named.